FILED

NOV - 6 2003

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
(BECKLEY DIVISION)

Donald Lee Edwards          )
     plaintiff,             )
                            )
                            )          Civil Rights Complaint
                            )          Pursuant to 28 U.S.C. §1331
     v.                     )
                            )          5:03-2324
                            )
                            )
Dr. McLain                  )
Dr. Rayburgh, both in their )
individual and official capacities. )
FCI Beckley Medical Staff, et al.   )
Mr. Troy Williamson,  Warden        )
in his individual and official capacity. )
     defendants,            )
                            )

---------------------------------------------------------
---------------------------------------------------------

     This is a Civil Rights Action filed by, Donald Edwards,

a federal prisoner for damages and injunctive relief under

28 U.S.C. §1331, alleging "deliberate indifference" and "medical

malpractice" in violation of the Eighth Amendment to the

United States, Cruel and Unusual Punishment, in violation of the

U.S. Constitution and the Due Process Clause of the Fifth and

Fourteenth Amendment to the Constitution.


     This Court has jurisdiction over the plaintiffs' claims of

violation of his Federal Constitutional Rights under 28 U.S.C. §§

1331 and 1343.

-1-

Comes now, Donald Lee Edwards, the plaintiff, appearing through pro se representation; who resides at P.O. Box 350, Beaver, West Virginia; and who is an inmate at FCI Beckley (at the same aforementioned address).

There has been no previous lawsuits concerning the facts involved in this matter or case.

The complaint is being filed within the one-year period, after exhaustion of the Institutional Administrative Remedies, to no avail, and within the appropriate filing time as required by Civil Law.   January 14, 2003, being the last administrative response date, see attached BP-11, at (Appendix A).

The plaintiff, Donald Lee Edwards, is incarcerated at FCI Beckley and was incarcerated their during the events described in this complaint.

Defendants, Dr. McLain, and Dr. Rayburgh are staff members and are generally responsible for ensuring the provision of medical care to federal prisoners and specifically scheduling medical appointments or  outside treatment or evaluations. They are being sued in their individual and official capacities.

Defendant Troy Williamson is the warden at FCI Beckley and is in charge of the safety, security, and treatment of the federal inmates entrusted to his care, which includes the transporting of prisoners to receive medical care outside the facility. He is sued in his individual and official capacity.

All the named defendants, et al, have acted, and continue to act, under color of federal law at all times relevant to this complaint.

—FACTS—

When I was federally sentenced for the current offense, case number 1:98CR00027-01, to a term of 92 months, Federal U.S. Judge Jones was informed of my back-injury, and he informed me that I would receive adequate medical treatment for my injury during my period of incarceration, as is stated in my sentencing transcript and PSI Report. As of this date, some sixty-four (64) months later, I have yet to receive such treatment, and the FCI Beckley Medical Staff has told me that my injury is to old to actually treat, see the BP-11 attached and dated June 10, 2002, (Appendix B).

The institution does not deny my injury, nor does it address what was proscribed as the necessary treatment for such an injury as recommended by the Morganton, West Virginia, specialist, I was taken to see. Even Dr. Rayburgh has informed me that my injury has progressed beyond capability of being repaired, see the attached BP-8½, (Appendix C).

The specialist in Morgantown, West Virginia stated that I should be given epidural steroid injections, electrode therapy, and physical therapy, review my medical files, to find the specialists recommendations.

Since this recommendation, the Beckley Medical Staff has not performed or done anything in regards to my necessary treatment, and has on occasion stated that they can do nothing or am able to treat me or others that have such a condition.

I was confined, prior to coming to Beckley, at FMC Lexington, which is a medical facility, capable of administering the needed treatment. And while there on April 29, 2002, I was given one epidural injection, but since I have been relocated to FCI Beckley,

I have received no helpful treatment and purposed defiance of the specialist's recommended course of treatment.

This deprivation is in wanton disregard of the plaintiff's rights. This denial and interference of the plaintiff's prescribed health care is intended wantonly to inflict more pain, see **Estelle v. Gamble**, 50 L.Ed. 2d 251 (1976). The plaintiff has and is being deprived of needed care in a constitutionally significant sense, and thus the delay and denial, has resulted in "Cruel and Unusual Punishment," see **Wilson v. Seiter**, 115 L.Ed 2d 271 (1991).

In practice of providing care to prisoners generally means paying for the care, and the fact that the needed care may be expensive does not excuse prison officials from providing it, see **Harris v. Thigpen**, 941 F.2d 1495, (11th Cir.1991) and **Ancata v. Prison Health Services, Inc.**, 769 F.2d 705, (11th Cir. 1985) and **Yarbaugh v. Roach**, 736 F. Supp 320, (D.D.C.1990).

Several courts have held that "repeated examples of negligent acts" which disclose a pattern of conduct by the prison medical staff may amount to deliberate indifference, see **Williams v. O'Leary**, 805 F.Supp. 638 (N.D.Ill.1992) and **Diaz v. Broglin**, 781 F.Supp.564 (N.D. Ind. 1991), the plaintiff has stated previously that the medical personnel stated to him that they felt as though his injury was old and that they were untrained to handle such an injury.

"Deliberate indifference can be proved by showing a prison official's mental state, the plaintiff's medical doctors and warden, in responding to the "known" needs of inmates," see **Weeks**

v. Chaboudy, 984 F.2d 187, (6th Cir. 1993). Delay and denial
of access to needed medical attention depending on the seriousness
and urgency of the medical need, is also a prerequisite to
deliberate indifference. The plaintiff has severely pinched
nerves, inability to walk without limping, and is unable to
bend over to put on his shoes or pick up items.

On October 7, 2002, Harrell Watts, Administrator for
National Inmate Appeals, stated in his response that on October
7, 2002, the clinical director stated that the plaintiff was
doing or feeling better, and that the plaintiff stated that
the one epidural shot administered then did not provide lasting
relief. This statement in itself shows that the clinical director
and the Administrator for National Inmate Appeals should have
ascertained that the plaintiff's injury had escalated, gotten
worse or was never remedied, and that the epidural injections
were suppose to be a continual process so that they could provide
the lasting relief that one, sole, injection could not do.

The court stated that failure to conduct test that the
prisoner's symptoms call for is an Eighth Amendment Violation,
see Hamilton v. Endell, 981 F.2d 1063-66-67, (9th Cir. 1992).
In this case, it states that prison officials disregarding of a
surgeon's  recommendation on non-medical grounds constituted
deliberate indifference. In the plaintiff's case, he was taken to
see a specialist in Morganton, West Virginia, who prescribed three
(3) treatments: epidural injections, electrode therapy, and physical
therapy, and none of those things have been provided to the plaintiff.

The court also stated that prisons may limit the availability of narcotics and other addictive drugs due to their potential risk of abuse as long as they provide other treatment for the prisoner's pain and other medical problems. In the instant petitioner's case, there is no treatment or medication being provided to remedy the injury, nor are the prescribed treatments addictive, see Lawhorn v. Duckworth, 736 F. Supp. 1505, (N.D. Ind. 1987).

The court also stated that if the order or recommendations of specialty consultants, like the plaintiff's specialist, were not followed, that it would have to be by court-order and not by refusal, see Casey v. Lewis, 834 F.Supp. 1545 (D. Ariz. 1993).

Prison officials must provide a medical staff that is competent and able to diagnose illnesses and able to treat medical problems or refer prisoners to others who can, including providing access to specialist's care if the prisoner's condition requires it, see Howell v. Evans, 922 F.2d 712-723, (11th Cir. 1991) and West v. Keve, 571 F.2d 158, 162, (3rd Cir.1978).

If a prisoner requires care that is not available in the prison he is in, the failure to obtain it elsewhere constitutes deliberate indifference, see Kaminsky v. Rosenblum, 929 F.2d 922-927, (2nd Cir. 1991) and Miltier v. Beorn, 896 F.2d 853, (4th Cir. 1990) and Washington v. Dugger, 860 F.2d 1021 (11th Cir. 1988) and Payne v. Lynaugh, 843 F.2d 177, 178-79, (5th Cir. 1988).

-6-

The court clearly stated in, Hamilton v. Endell, 981 F.2d 1063-1066 (9th Cir.1992) and Washington v. Dugger, 860 F.2d 1018-19-21, (11th Cir. 1988) and Williams v. O'Leary, 805 F.Supp.638 (N.D.Ill. 1992), that if prison officials send prisoners with special needs to outside specialists, they are obliged to carry out the specialist's orders, which has been denied in the plaintiff's case.

The plaintiff has submitted repeated sick call request and grievances for the mistreatment of his injury. The plaintiff is in great wrenching pain and can barely walk or maintain balance on certain days.

In Westlake v. Lucas, 537 F.2d 857 (6th Cir.1976), the court stated that an inmate being forced to endure periods of intense pain or discomfort is an Eighth Amendment violation. The court further stated that the fundamental fairness and the most basic conception of due process,mandate that medical care be provided to one who is incarcerated and may be suffering from serious illness or injury. In Tolbert v. Eyman, 434 F.2d 626, (9th Cir. 1970),the court stated that if an inmate is needlessly allowed to suffer pain when relief is readily available,a cause of action does arise, due to the exposure to undue suffering and the threat of tangible residual injury.

Prior to the plaintiff's incarceration at FCI Beckley, he informed the sentencing federal court and the institutions he has been confined abont the scope of his injury.

In Stiltner v. Rhay, 371 F.2d 420, 421 (9th Cir.1967), the court laid out four (4) common elements: 1. An acute physical

condition; 2. The urgent need for medical care; 3. The failure or refusal to provide it, and; 4. Tangible residual injury. The plaintiff has shown through-out his complaint that his injury and needed treatment exceeds this criteria.

## GROUNDS FOR RELIEF

1. The plaintiff has been made to constantly endure pain and hardship of his disclosed injury.

2. The defendants had an obligation to offer the plaintiff adequate treatment, and the plaintiff was emotionally and physically injured by the lack thereof, as a result.

3. The plaintiff has been through the prison administrative process and still denied treatment and adequate treatment.

4. The federal court at the time of sentencing placed in its order that the plaintiff is to be provided care for his injury.

5. The plaintiff's PSI Report made mention of the plaintiff's back injury.

6. Due to the above, this negligence and medical deliberate indifference is not a  harmless mistake.

7. The doctors involved,along with other unnamed FCI Beckley medical staff workers,abused their position of trust and have taken advantage of the plaintiff's lack of knowledge to the extent of his injury, without regard of the plaintiff's agony and suffering.

8. In Wolfe v. Ferguson, 689 F.Supp 756, 759 (S.D. Ohio 1987), the court stated that damages may be awarded for medical malpractice.

## RELIEF REQUESTED

Wherefore, the plaintiff requests that the court grants the following relief:

A. Issue a declaratory judgment stating that:

Defendants Dr. McLain, Dr. Rayburgh, Warden Williamson, and FCI Beckley Medical Staff actions in failing to provide adequate medical care for the plaintiff violated, and continue to violate, the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an Injunction ordering the defendants to:

1. Immediately arrange for the plaintiff to be given the recommended prescribed treatment;

2. Immediately arrange for the plaintiff to be given physical therapy or other follow-up medical treatment, and to be evaluated by a medical practitioner with expertise in treatment and restoration of back injuries;

3. Carry out without delay this court's ruling.

C. Award Compensatory and punitive damages in the following amount:

$230,000.00 jointly and severally against defendants McLain, Rayburgh, and Williamson for physical and emotional injury resulting in their failure to provide adequate medical care to the plaintiff.

D. Grant such other relief as it may appear that the plaintiff is entitled.

E. The plaintiff should also be reimbursed for the cost of this Civil-Action which is necessary in order to insure justice and provoke the institution to medically act.

## CONCLUSION

This court has the authority to require and review the plaintiff's medical records being held in the FCI Beckley Medical Department, and I feel should review them, due to the lies and coniving that I have deliberately received to deny me the treatment I need, and add anguish to my pain and sufferings, see the attached Medical findings of Physician McLain, dated March 13, 2002, detailing his medical findings, (Appendix D).

Attached is also a copy, dated January 10, 2002, to Mr. Marrero, M.D. of FMC,3310 Leestown Road, Lexington, KY, 40511, showing how the March 3, 2003, findings has gradually worsened, and that M.D. Marrero recognized or diagnosed lower back pain from a M.D. Paul A. Sloan, Professor of Anesthesia, of the University of Kentucky, see (Appendix E).

The plaintiff has demonstrated a classic case of medical malpractice by meeting all the elements of causation and by showing how the Bureau of Prisons Administrative Grievance committee failed to act.

The plaintiff needs to be taken periodically to an outside hospital or treatment center, or in the alternative, sent to a Medical Institution. In **Hill v. Marshall, 962 F.2d 1209, (6th Cir. 1992)**, the court stated that an inmate is not required to show that the denial of treatment resulted in a 50% risk of developing a worse condition, but only need to show that his risk had increased due to deprivation, and this plaintiff received $95,000.00 in compensatory damages and $900,000.00 in punitive damages.

The plaintiff has filed a Civil Action due to the constant pain and suffering he has endured, due to his condition. And because his Eight Amendment Rights have been violated.

As of this day, the plaintiff has severe chronic pain and suffering, mental anguish, and his condition is worsening due to his medical ailment, since my injury, illness, is being untreated, which means the less likely of any recovery, see **Martinez v. Marcusi, 443 F.2d 921 (2nd Cir. 1970) and Todardo v. Ward, 565 F.2d 48 (1977).**

Signed this 4th day of November, 2003.  Executed at P.O. Box 350, (FCI Beckley), Beaver, West Virginia 25813.

## DECLARATION

I declare under penalty of perjury that the Civil Rights Complaint is true and correct to the best of my knowledge, pursuant to 28 U.S.C. § 1746 and 18 U.S.C. § 1001.

Signed this 4 day of November, 2003.

Respectfully submitted,

signature: _Donald L. Edwards_

Donald Lee Edwards, pro se
Reg.No.06591-084
FCI Beckley
P.O. Box 350
Beaver, West Virginia 25813

## CERTIFICATE OF SERVICE

I, Donald Lee Edwards, pro se plaintiff, do hereby certify that
I have caused to be served a true and accurate copy, with all
attachments foregoing section 28 U.S.C. §1331, Civil Rights
Complaint by mail or and hand delivery; postage prepaid on the
____day of November, 2003, as well as request the clerk of court
to direct service and assist upon the following:

Debbie Stevens
FCI Beckley Legal Attorney
P.O. Box 1280
Beaver, West Virginia 25813

General Counsel of the Federal Bureau of Prisons Office
Office of General Counsel and Review
Federal Law Enforcement Training Center
Glynco, Georgia 31524
(Attn: Harrell Watts)

State . . . . Virginia
County . . Raleigh
Subscribed and sworn to before
me this 4 day of November
2003. My commission expires
10/4/2010.

_Wanda Mullens_
Notary . . . . . . . . . . . . . . . . . .

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
WANDA MULLENS
FEDERAL CORRECTIONAL INSTITUTION – BECKLEY
POST OFFICE BOX 1280
BEAVER, WV 25013
My Commission Expires October 4, 2010

/s/ _Donald L. Edwards_

Donald Lee Edwards, pro se

**Subscribed To And Sworn To Before Me This 4th day of**

−12−

/s/ _____
Donald Lee Edwards, pro se

November, 2003.

--seal----                    (signed) _____
                                       Notary Public

My Commission Expires: 10/4/2010                    .

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
WANDA MULLENS
FEDERAL CORRECTIONAL INSTITUTION – BECKLEY
POST OFFICE BOX 1280
BEAVER, WV 25813
My Commission Expires October 4, 2010

(APPENDIX A)


January 14, 2003, BP-11 .

**Administrative Remedy No. 277888-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you allege you are not receiving treatment for a
lower back injury.  Specifically, you request "speedy and
complete treatment, transfer to an institution capable of
providing treatment if FCI Beckley can not . . . and a neutral
party to review the records in this case to determine the degree
of liability for medical malpractice attached to the BOP for the
failure to provide such services violative of [your] rights as an
American citizen."

Review of your medical record and discussion with FCI Beckley
medical staff reveals you suffer from chronic low back pain as a
result of an injury you sustained prior to your incarceration.
On October 7, 2002, you were evaluated by the Clinical Director.
During this evaluation, you informed the Clinical Director that
you were doing well, exercising, and obtaining relief from your
medication.  Furthermore, you indicated that the epidural
injection you received at FMC Lexington, did not provide lasting
relief.

Your case was discussed with the Clinical Director.  You will be
placed on the call-out in the near future and have your condition
reassessed.  Depending on the results of that assessment, the
Clinical Director may order further tests or refer you for
another epidural injection.

You have provided no evidence to support your allegation that you
have been denied treatment for your lower back, or that your
"rights as an American citizen" have been violated.

This response has been provided for informational purposes only.


_____                    _____
January 14, 2003                            Harrell Watts, Administrator
        Date                                National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

REMEDY I.D.NO.:277888-R1

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | EDWARDS, DONALD | 06591-084 | A04 | F.C.I. BECKLEY |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** This is in complaint and appeal of Remedy ID No. 277888-R1.

1. It is apparent that the reviewer of this action did not bother checking the records very closely as I have already been granted partial relief on action No. 255700-A1.

2. New X-rays taken in approximately August – 2002, show a narrowing of the space between the vertebra in L4 – L5 lower lumbar spine. I am receiving no treatment of any kind and FCI, Beckley Medical Staff informs me that they can not or do not treat people in my condition. I have had to discontinue the use of Neurtron because of liver inflammation. At present, I have received one epidural steroid injection while at FMC, Lexington which was on or about 4-29-2002, with no subsequent treatments.

3. It was made clear at my sentencing that I was suffering from this back injury and the Honorable Judge J.P. Jones assured me that I would receive adequate medical attention while incarcerated. That was five (5) years ago in 1998; however, I have received nothing but pain and suffering caused by pinched nerves, inability to walk properly without limping and have even experienced problems lacing my shoes due to the pain caused by bending over.

(See attached for continuation)

_11-19-02_
DATE

_Donald Edwards_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

| DATE | | GENERAL COUNSEL |
|---|---|---|
| ORIGINAL: RETURN TO INMATE | | CASE NUMBER: _277888-__ |

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL · REG. NO. · UNIT · INSTITUTION

SUBJECT: _____

(CONTINUATION)

RELIEF REQUESTED:

     I expect some action be taken in this matter other than
denial as I am tired of suffering with this problem.  Relief
requested is to include but not limited to: speedy and complete
treatment, transfer to an institution capable of providing treat-
ment if FCI Beckley can not provide such treatment and a neutral
party to review the records in this case to determine the degree
of liability for medical malpractice attached to the B.O.P.
for the failure to provide such services violative of my rights
as an American citizen.

                              Respectfully submitted,

                              11 - 19 - 02
                              Donald Edwards

(APPENDIX B)


June 10, 2002, BP-11.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Edwards Donald L__      __06591-084__   __Cardinal__  __FMC Lexington__
     LAST NAME, FIRST, MIDDLE INITIAL.     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL**

As stated in B.P-DIR-9 I have been in Fed custody for 46 mm. I have been asking for and needing treatment for a low back injury sence before I was arrested. I was told by Judge Jones taking in Fed court. that I would receive adiquate med treatment for this injury while incarcerated. I have not received any treatment until date, I have been promised treatment and I have been told nothing but lie's by BOP employs and med. staff! My back has steadily got worse over the past 4 years and now the med people are saying the injury is to old to treat while I live in constant pain. All I have to say is if the BOP. can't treat me the constitution says Free Me.

__4-19-02__
DATE

__Donald L Edwards__
SIGNATURE OF REQUESTER

**Part B—RESPONSE**



MAY

ADMINISTRATIVE REMEDY BRANCH

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: __255700-A__

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL.     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

**Administrative Remedy No. 255700-A1**
**Part B - Response**

You allege you have been housed in the Bureau's custody for 46
months and did not receive medical care and treatment until April
2002 for a lower back injury you sustained prior to your
incarceration.  You contend that due to the delay in medical
treatment, your back condition has worsened and you are in
constant pain.  You request to be released from prison if the BOP
won't treat your condition.

Review of your medical record reveals x-rays performed on your
lumbar spine in 1999 and March, 2001, were normal.  On January
10, 2002, you were evaluated in the pain management clinic where
it was determined you suffered from low back pain with left lower
extremity radiation.  An EMG performed in March 2002 revealed
neuropathic involvement of the LS nerve roots on the left.  A
trial of lumbar epidural steroid injection were prescribed.  On
April 29, 2002, you received the first of two epidural steroid
injections.  You will continue to be followed in the pain
management clinic until your injection therapy has been
completed.  The record reflects you have received medical care
and treatment in accordance with Bureau policy.

Your appeal is denied.


June 10, 2002
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

(APPENDIX C)

The BP-8½ originally filed detailing complaint.

2C-1330.13b
October 2, 1999
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
The Bureau of Prisons Program Statement on Administrative Remedy
Procedures for Inmates states that before an inmate seeks formal
review of a complaint, he must try to resolve the complaint
informally by presenting it to a staff member.  The staff member
must also try to resolve the complaint "informally" before the
inmate will be given an Administrative Remedy Form.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

INMATE'S NAME: _Donald Edwards_ NO. _06591-084_ UNIT _RAU_

1.  Specific Complaint: _Lack of treatment for low Back_
_injury. OVER →_

2.  Relief Requested: _Complete answers to all these questions_
_of adequate med treatment for back injury._

3. Date/Time Complaint received from inmate: _____

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: _____

6. Date Administrative Remedy provided: _____

7. Informal Resolution was / was not  accomplished.

_____          _____
INMATE'S SIGNATURE/REGISTER NO.                DATE

_____          _____
STAFF MEMBER'S NAME & TITLE                    DATE

_____          _____
UNIT MANAGER'S SIGNATURE                       DATE

INSTRUCTIONS:  If the complaint is informally resolved before
being received, the Correctional Counselors shall maintain the
informal resolution form for future reference.  If the complaint
is not informally resolved, forward the original resolution form
attached to the Administrative Remedy Form to the Administrative
Remedy Clerk.

Dr. Kayburgh

you told me at a recent visit that in
your oppinion that my Back injury. Has
progressed beyond being repaired.
Before proceeding with futher ligatation
I would like to know, When did my Back
injury reach the that point?
With proper treatment could my condition
have been improved by the BOP., or at
least kept from worsening?
and finally, as a professional how do
you inteoned to treat my injury.

(APPENDIX D)

Physician Dr. McLain's March 13, 2002, medical
findings.

NAME:          DONALD EDWARDS
AGE:           41
PATIENT #:     06591-084
PHYSICIAN:     MCLAIN
D.O.S.:        3-1-03

MRI OF THE LUMBAR SPINE
HISTORY: Low back pain extending into left leg.

SEQUENCES OBTAINED:   T1 and FSE T2 sagittal and axial sequences.

FINDINGS:  Sequences obtained through the lumbar spine demonstrate vertebral body
height to appear preserved.  The conus is at approximately L1-2.  There is degenerative
change at L4-5 with loss of disc height and signal and some degenerative type end plate
changes decreasing on T1 and increased signal with T2 weighting.  At L1-2, L2-3, and L3-
4, no evidence for significant disc bulge, herniation or spinal stenosis is seen.  At L4-5 there
is posterior spurring and a broad based disc bulge identified.  Fat is effaced from the
ventral aspect of the thecal sac.  Some of the disc material extends into both the right and
left exit foramen and effaces fat from the ventral aspect of the exiting L-4 nerve root.
Foraminal narrowing is slightly more prominent on the left.  There appears to be a central
component of herniation present that is small and extends just inferior to the disc space
level.  At L5-S1, no evidence for significant disc bulge, herniation, or spinal stenosis is
seen.

Impression:   Degenerative disc changes are identified at L4-5.  There is a broad based
              bulge present with a small central component of herniation.  The herniated
              appearing disc material extends slightly inferior to the L4-5 disc space.  It
              effaces fat from the ventral aspect of the thecal sac.  AP spinal canal
              diameter is approximately 11 mm.  Some of the disc material extends into
              the exit foramen bilaterally and effaces fat from the ventral aspect of the
              exiting L-4 nerve root.  The degree of foraminal narrowing is slightly
              greater on the left.

D. McLAIN D.O., CLINIC
FCI / FPC BECKL:
BEAVER, WV

3/13/03

CHARLES MUCHNOK, M.D.   dk

(APPENDIX E)


Professor of Anesthesia, of the University of Kentucky March 3, 2003, findings, medical.

# U<sub>of</sub>K

UNIVERSITY OF KENTUCKY

**Department of Anesthesi**
*Chandler Medical Center*
*College of Medicine*
*800 Rose Street*
*Lexington, KY 40536-0293*
*(859) 323-5956*
*FAX: (859) 323-1080*
*www.uky.edu*

January 10, 2002

M. Marrero, M.D.
Federal Medical Center
3310 Leestown Road
Lexington, KY 40511

    **Re: Donald Edwards** *06591-084*
    **FMC# 06591084**

*ERROR
found 3/14
Refer to Radio
Section
A. Parte*

Dear Dr. Marrero:

Mr. Edwards was seen and evaluated by me in the Pain Clinic this morning. He is a forty-year old gentleman with a history of low back pain dating to 1996. At that time, while lifting a very heavy object during a prison exercise, he noted a "pulling" sensation in the low back and felt his "back" give out. He was not evaluated or treated at that time. Over the next five years he's been complaining of increasing low back pain which radiates down the left lower extremity to the sole of the left foot. Pain is constant and rated at 3/10 on a numeric pain rating scale, but also worsens intermittently. He is currently not taking any analgesic medications. An MRI of the lumbar spine in 1999 and again in March of this year was noted to be normal. An EMG in March of this year was noted for neuropathic involvement of the $L_5S_1$ nerve root on the left. Cardiogram was within normal limits. He has not had any significant treatment for his low back pain. He has not had any surgical therapy.

*X-RAY*

*LAST*

Previous medical history is significant for hepatitis C. Also has extensive tattoos on the upper extremities. He has no known medication allergies.

Physical examination he is alert and oriented. He appears in no acute distress. His gait is not antalgic. He walks on heels and toes extremely well. There is decreased extension about the low back. Knee jerks are 2 + bilaterally. Ankle jerk was 2 + on the right. I could not elicit ankle jerk on the left. Motor and sensory examinations of the lower extremities was otherwise unremarkable. There is mild tenderness to palpation of the lumbosacral spine in the midline. There is no particular tenderness over the lumbar facet joints or over the sacroiliac joints. There is no particular paraspinous muscle tenderness. Straight leg raising was negative bilaterally.

My impression is low back pain with left lower extremity radiation. Given the loss of ankle jerk on the left along with the EMG changes, a trial of lumbar epidural steroid

*An Equal Opportunity University*

injection times two seems appropriate.  I will follow in the clinic after the above injective therapy has been completed.

Paul A. Sloan, M. D.
Professor of Anesthesia
University of Kentucky

PAS/rb
Cc:  Samaritan Hospital

*Edwards, Donald*
*0659-054*